IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Raymond Weakley,<br><br>             Plaintiff,<br><br>v.<br><br>J.T. Shartle, Warden,<br><br>             Defendant. | No. CV 12-648 TUC DCB<br><br>**ORDER** |

This matter was referred to Magistrate Judge Bruce G. Macdonald, pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure. On May 4, 2015, Magistrate Judge Macdonald issued a Report and Recommendation (R&R). He recommends that the Court deny the Petition (Doc. 1) and grant the Petitioner's Motion for Judgment in a Civil Case (Doc. 27) to the extent it seeks a ruling in this case. The Magistrate Judge found the Petitioner had exhausted his administrative remedies and reached the merits of his challenge to a prison disciplinary action resulting in his loss of good time credits. The Magistrate Judge found there was no violation of the Due Process Clause. The Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court, denies the Petition, and grants the Motion for Judgment in a Civil Case.

**STANDARD OF REVIEW**

The duties of the district court in connection with a R&R by a Magistrate Judge are set out in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). Where the parties object to a R&R, "'[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)).

This Court's ruling is a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc). To the extent that no objection has been made, arguments to the contrary have been waived. Fed. R. Civ. P. 72; *see* 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation), *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also* Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. See also, Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the objections filed by the Defendants and the parties' briefs considered by the Magistrate Judge.

## OBJECTIONS

On May 14, 2015, Petitioner filed an Objection to the R&R raising three specific objections. Petitioner contends his right to a fair and impartial hearing in disciplinary proceedings was violated because: 1) the Disciplinary Hearing Officer ("DHO"), Vickie Petricka, also investigated the incident; 2) a faulty method was used to test the alcohol content of the liquid he was charged with making, possessing, or using; and 3) his due process rights were violated when 3) "the western region and central office refused to

1 properly hear his appeals." (P's Objections at 3).

2 In evaluating whether the Due Process Clause is violated in a prison disciplinary hearing, the district court must ask, "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 455-56 (1985). "[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." Id. The standard is "minimally stringent" only requiring "'any evidence in the record that could support the conclusion reached by the disciplinary board.'" *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987) (*citing Hill*, 472 U.S. at 454-56).

The Court finds that the record in this case fully supports the Magistrate Judge's conclusion the petition should be denied. As a procedural matter, Petitioner's claim that DHO Petricka also acted as an investigating officer in his disciplinary hearing is precluded because the issue was not raised in the original petition. *See State of Nev. v. Watkins*, 914 F.2d 1545, 1560 (9th Cir. 1990) (declining to consider an argument Petitioner raised for the first time in a reply brief). Even if the issue was properly raised, the claim is unfounded. DHO Petricka investigated Petitioner's claim that his due process rights had not been explained to him in the context of the administrative hearing. DHO Petricka did not investigate Petitioner's misconduct that necessitated the hearing—she investigated his allegation that Unit Disciplinary Committee ("UDC") procedures had not been followed. (Reply (Doc. 22), Exs. 16 and 17.)

The Court adopts the findings of fact and conclusions of law in the R&R as to Petitioner's objection to the use of the Alco-Sensor to test the alcohol content of the suspected liquid. (R&R (Doc. 28) at 15.) The Bureau of Prisons ("BOP") Program Statement approves the use of certain Alco-Sensor models for liquid testing and considers a reading of .02 or higher positive for alcohol. (R&R (Doc. 28) at 15) (citing BOP Program Statement 6590.07 ¶¶ 6, 9.) The liquid at issue here tested well above that limit at .400. (Response (Doc. 14), Ex. 2, Attach. 2.)  The record is devoid of any evidence that

the Alco-Sensor used was unfit for measuring a liquid's alcohol content as Petitioner claims.

Finally, the Court agrees with the Magistrate Judge that the BOP's failure to answer Petitioner's appeals did not violate the Due Process Clause. Petitioner cites no authority for his position that, "by not responding to petitioner's DHO appeals the BOP has violated petitioner's rights of due process and equal protection…." (P's Objections at 3-4). Petitioner questions the legitimacy of the BOP's practice of permitting inmates to consider the absence of a response to an appeal to be a denial at that level after a specified amount of time has passed, but his misgivings have no bearing on the issue at hand. The practice is an established and codified part of the BOP's administrative remedy process. See 28 C.F.R. § 542.18. Petitioner might prefer a different notification procedure, but he suffered no denial of due process or equal protection when the BOP denied his appeal by not responding within the allotted time.

CONCLUSION

After de novo review of the issues raised in Defendant's objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in his R&R for determining the pending Petition for Writ of Habeas Corpus.  The Court adopts it, and for the reasons stated in the R&R, the Court denies the Petition.

**Accordingly**,

**IT IS ORDERED** that after a full and independent review of the record, in respect to the objections, the Magistrate Judge's Report and Recommendation (Doc. 28) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is DENIED.

**IT IS FURTHER ORDERED** that the Motion for Judgment in a Civil Case (Doc. 27) is GRANTED.

**IT IS FURTHER ORDERED** the Clerk of the Court shall enter Judgment for Defendant and against Plaintiff.

1     **IT IS FURTHER ORDERED** that in the event the Plaintiff, proceeding here in
2  forma pauperis under 28 U.S.C. § 2241, should file an appeal, the Court finds the appeal
3  is not taken in good faith. 28 U.S.C. 1915(a)(3) and FRAP 24(a).
4     Dated this 29th day of July, 2015.

David C. Bury
United States District Judge